It was argued by Graham for the plaintiff and Woods for the defendant.
(206) Woods. The question reserved in this case for the consideration of the Court is, whether in an action upon a promissory note, under seal, the defendant may give evidence, upon the general issue, that the writing was delivered as an escrow to a depositary, who delivered it over to the payee before the conditions of the deposit were performed. To prove that this special matter may be given in evidence upon the plea ofnon est factum, the following authorities are so fully in point as to admit of no shadow of doubt. 2 Rolle's Abr., 683; Gilb., Treatise on the Action of Debt (bound with his reports), 487; Gilb., L. E., 159; 168, Buller's Nisi Prius; Tidd's Practice of the King's Bench, 203. Nor have I seen a single authority, case, or dictum which, according to my ideas, contradicts, or in the least questions, any of them.
It is indeed said in behalf of the plaintiff that all refer to and ultimately depend on that in 2 Rolle, of which the author himself entertained a doubt; but surely it cannot be supposed that such writers as Gilbert, Buller, and Tidd should cite with approbation, and without any caution to the reader, any authority which was disputable. The manner in which they have stated the law leaves no room to doubt of their opinion, that it was unquestionable; and the high estimation in which their works are held forbids the supposition that they were mistaken. Indeed, the rule laid down in Whelpdale's case, 5 Rep., 119, goes much further, and admits the defendant to give in evidence, upon non est factum, special matter, which makes a deed void, after it has once had a legal existence; whereas, in our case, the writing never became a deed at all. *Page 181 
But it is objected, in behalf of the plaintiff, that all these authorities speak of a special non est factum, which is not the general issue, but a special plea, and this objection has been so much relied upon, and deemed of such importance in the case, that it becomes necessary to examine it fully, to ascertain what kind of non est factum is meant by these authorities, and whether the general issue, which is pleaded in our case, is not by fair intendment that plea.
Rolle says it is, non est factum, generally pleaded. 2 Abr., 683; Gilb. L. E., 168, uses the very same words, and Buller and Tidd, when they refer to the same passage, must be supposed to mean (207) the same thing.
Lord Holt, in Bushel and Pasmore, 6 Mod., 217, 218, says that "in all his time he never knew such a plea as that, viz., a special non est factum
in case of escrow, and that all these special non est factums, in case of escrow, erasure, etc., are impertinent, for thereby the defendant brings all the proof upon himself; whereas, if he had pleaded non est factum
generally, he would have turned the proof of whatever is necessary to make it his deed upon the plaintiff." This is said, by the plaintiff's counsel, to be an obiter dictum, unworthy of regard. It is, however, the dictum of a great Judge, and has never been questioned, although the case in which it is found is very frequently quoted. And Gilb. L. E., 163, 164, assigns the reasons why it was anciently deemed necessary to plead special non estfactum, viz., to prevent surprise at the trial, and because they usually contained matter of law of which the Court ought to judge, but adds "at this day the law is otherwise." Again, all the authorities say the special matter may be given in evidence. This necessarily excludes the idea of a special plea which is contended, in behalf of the plaintiff, a special nonest factum is.
A fact is pleaded when it is specially alleged in the plea and offered to the Court. It is given in evidence when, without being alleged in the plea, it is offered to the jury as proof of some other allegation, and in legal phrase, no two things are more distinct than the pleading of matter specially and the giving of it in evidence. Can it then be conceived that these writers, when they say that the special matter in question may be given in evidence, mean only that it may be specially pleaded? This would be absurd. And to maintain that it is necessary at this day to plead a special non est factum (that is, in the sense of the objection, a special plea) in case of escrow, is to pronounce Lord Holt both ignorant and rash, and to impute to Gilbert, Buller, and Tidd a loose, unintelligible jargon. But it is said, in behalf of the plaintiff, that all the precedents to be found in books of entries and cases of reports on the subject of escrow are precedents and cases of special non (208) *Page 182 est factum. How, it is asked, does it happen that there is no case nor precedent to be found of a general one on that subject? To this I answer that, with regard to precedents in books of entries, they must necessarily be of special non est factum; for a general one, in case of escrow, is not distinguishable from a general one in any other case. There are no precedents of non est factum peculiar to the cases of erasure, interlineation, and false reading of a deed, and yet these are cases which must have frequently happened. The reason must be, that such special matters have been given in evidence upon a general one. The same observation applies with force in regard to reported cases; the questions in those cases have been such as could arise only in special non estfactums. In general cases none could arise, except with respect to evidence; and upon a point so simple and infrequent, as whether a deed was delivered as an escrow or not, it is not remarkable that few cases should occur worthy of the notice of a reporter. As few will probably be found of interlineation or false reading of a deed, and yet it will not, I presume, be thence inferred that such matters may not be given in evidence on a general non est factum.
But admitting, for the sake of argument, that all the foregoing authorities, contrary to the express words of some of them, speak of a special non est factum, I must still be permitted to contend that such plea may be considered the general issue, which we have pleaded.
All the authorities say that a special non est factum in case of escrow may conclude to the country, and some of them say it must. In Watts and Rosewell, 1 Salk., 274, such was held ill, because it did not conclude to the contrary. The cases in T. Raym., 179, and 6 Mod., 217, both conclude in that way. And Gilbert L. E., 164, says the general way is to conclude the contrary but it apprehended not to be vicious to conclude with a verification. It is presumed to be a general rule in pleading, deducible from reason and authorities, that a plea which concludes to the contrary is a general issue. A plea which denies the whole (209) declaration is called a general issue because it amounts at once to an issue. 3 Bl. Com., 305. Where the whole contents of a plea are denied, the conclusion must be to the contrary; but a particular fact only, it must be to the Court. 1 Bur., 319; Doug., 429, non est factum is a plea which denies the whole declaration and is therefore a general issue; 3 Bl. Com., 305. If it be a special one, it concludes with the same denial, and for that reason ought to conclude to the contrary; see the reason urged in Watts and Rosewell, 1 Salk., 274; with such conclusions it amounts to an issue. It is, then, a general issue. If, therefore, a special non estfactum may be considered a general issue, as well as a special plea, it would be contrary to reason and the spirit of modern *Page 183 
practice to consider it a special plea for the purpose of excluding evidence. General pleading is at this day much favored; 3 Bl. Com., 305, 6, and that strictness which was formerly required or indulged under pretense of preventing surprise is justly considered discreditable to the profession.
Graham. The books relied on as authorities for the defendant are 2 Rolle, 683; Gilb. L. E., 159, 168; Gilb. Rep., 437; 6 Mod., 218; Bull., 172; Tidd's Pract., 203. The passage found in Rolle is there given on the authority of one of the Year Books, 9 H., 6, 38, and it must be admitted would be of great weight towards deciding the question, were not the expression of doubt that accompanies it not less strong than the passage, and could it not be shown that the law is not so by more modern authorities, and an uniform practice to the contrary. Whether thequaere annexed to this passage be found in the Year Book, or be at the suggestion of Rolle, cannot be a material circumstance; in either case it shows that the law was not then settled, at least; and if Rolle adds the quaere, it will follow that his opinion and the practice of his day were at variance with the Year Book. Gilbert's Law of Evidence, and his treatise on debt, in the pages referred to, also give support to the opinion, that escrow may be given in evidence on a generalnon est factum. But we are referred to the single case in Rolle, just examined, for the authority on which his lordship (210) had formed this opinion; the naked dictum of his lordship would have been more respectable; resting on the authority in Rolle, which concludes nothing, it certainly derives no additional force from its transposition into Baron Gilbert's treatise.
But it is said the defendant has on his side, also, the opinion of JudgeHolt, a great and respectable name among the profession of the law; and for this we are referred to 6 Mod., 218, and it is true that this great lawyer does contrive, or is made, rather out of place, it will be allowed to say,obiter, that these special non est factums, in cases of erasure and escrow, etc., are "impertinent." But when it is considered that the case before the Judge was a case of an escrow, the plea a special non est factum, and no question whether escrow might not be given in evidence on a general non estfactum, made or argued; this expression far from deciding the point, will only excite our surprise at his irrelevancy to the business in hand, or at most, is only to be considered a mere obiter dictum.
It is always understood that these accidental expressions of even the most learned and experienced Judges of points of this nature, not under the consideration of the Court, and without any previous investigation, are not to be regarded as authorities, as well, in justice to the Judges, *Page 184 
as from the danger of admitting them. The Judge himself attaches no consequence to them, and on a slight examination often changes his opinion; the reporter, too, having his attention occupied by the principal question, is very liable to error on collateral points. It is worthy of remark that, wherever this opinion, as ascribed to Judge Holt, is noticed by subsequent writers, it excites surprise, and its correctness is questioned. 4 Bac. Abr., pleas and pleadings, 62. Perhaps, if this had been the point submitted, his lordship would have made up a different opinion. Neither Buller nor Tidd make any distinction between a general and a special non est factum. They, as well as many others, seem to consider both as one plea, in contradistinction to all special pleas in bar, in the actions of debt; thus, they say erasure, (211)coverture, escrow, etc., may be given in evidence on the general issue, non est factum; but per duress, per minas, release, etc., must be specially pleaded. When, under the first branch, you examine the cases referred to, as Sir T. Raym., 197, and 6 Mod., 218, they are cases of escrow, and the pleas are special non est factum; so that the only meaning they can be supposed to have is, that you need not plead escrow, as specially as you must per duress, etc., but you may take advantage of it on a non est factum, that a special non est factum, which concludes to the contrary, and not with a paratus est verificare, as do these special pleas. It may, therefore, fairly be presumed that Baron Gilbert has mistaken the true import of earlier writers, and given to them a latitude of construction beyond what they intended. It is concluded, therefore, by the plaintiff that there is no good foundation to say that under a general nonest factum, delivered as an escrow, may be given in evidence.
In order to prove that a special non est factum must be pleaded, it is remarked, in the first place, that to allege the special matter relied on is most consonant to the principle of pleading, which is everywhere avowed, that the Court and adverse party should be fairly apprised of the nature and circumstances of the defense, which can be done only by setting forth the particular facts; thus, surprise is avoided, and the parties come prepared to try the true question. If this principle has force in regulating the pleading, in the British Courts, it becomes much stronger in its application to the mode of pleading in our own Courts. With us, the name or names only, of the pleas are entered on the docket; whereby the hazard of being entangled in special or general demurrers from the nicety required in pleas drawn at full length, is avoided, which was the only evil intended to be remedied by the relaxation of the rule which required all special matter to be specially pleaded.
It is contended, secondly, on the ground of express authority, that the escrow must be pleaded by a special non est factum; and the cases that *Page 185 
are deemed such authorities are Com. Dig., pleader (2 W., 18), 643, throughout. Non est factum is a good plea, when the bond (212) or specialty was not executed; but if it was, but was void abinitio for other cause, such as escrow, among others, a special non estfactum may be pleaded; so is Morg. vad. mec., 221, 222, Espinassee, debt, 149, and the authorities there referred to; Co. Litt., 56, a, 1 Vent., 9; 2 Vent., 10; 1 Salk., 274; 6 Mod., 218; Sir T. Raym., 197; Morg. Ess., 299, 4 Bac. pleader, 62; Lill. Ent., 184, 187, and other modern entries generally. From an examination of these cases and entries, this fact will appear, that escrow has, without exception, in earlier, as well as later times, been pleaded under a special non est factum; and this conviction will result; that it has been the opinion of the ablest judges, pleaders, and practitioners that it is the only safe and proper plea.
It is conceived, thirdly, that this conclusion may also be established by reasoning from the practice, to the law; the pleadings in cases are said to be pretty certain indexes to the law. If it be found that in all cases of escrow, whether of ancient or modern date, the plea is a special non estfactum, especially if no one can be shown, where it was offered in evidence on a general non est factum, the conclusion is logical, natural, and strong, that a special non est factum is the plea required by law. All the reporters abound in cases of escrow all under the plea of special non estfactum; a solitary case of escrow, when a general non est factum was pleaded, the plaintiff's counsel, after a laborious search, has not been able to find, nor has the defendant's counsel pretended to produce one. If it were thought consistent with the law, would not counsel rather surprise his adversary with a special defense, under the general issue, than to furnish a plea which states explicitly the circumstances on which he rests his defense; which requires more labor and more skill, to place it beyond exception, and which assumes upon itself the onus probandi? The special nonest factum, adapted to the case of an escrow, being carefully inserted in the entry books of pleading, another circumstance from which to infer, it is considered to be a necessary plea.
I think it would be improper under the (213) circumstance of this cause for the defendant to give evidence of the fact which he has suggested under the general plea which he has pleaded.